UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD PAREDEZ,

    Plaintiff,

    v.

ANTHONY HEDGPETH, warden; et al.,

    Defendants.
                                   /

No. C 11-3351 SI (pr)

**ORDER DENYING DEFENSE MOTION TO FILE DOCUMENT UNDER SEAL**

This *pro se* prisoner's civil rights action concerns the response of prison officials at Salinas Valley State Prison to plaintiff's medical needs. One of plaintiff's claims is that defendant Steele allegedly falsified documents to have plaintiff's pain medication discontinued.

Defendants have moved for summary judgment. In connection with that motion, defendants have filed an *ex parte* application for order to seal a confidential supplement to the staff complaint associated with administrative grievance log # 32-10-13570 (the "Supplement"). The Supplement summarizes the findings of the Salinas Valley investigative services unit regarding plaintiff's allegations that Steele decreased or changed his medication, or otherwise harassed plaintiff. *See* Docket # 16, p. 2.

The court may order a document filed under seal "upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as 'sealable.'] The request must be narrowly

tailored to seek sealing only of sealable material." N. D. Cal. Local Rule 79-5. There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted). In prisoner cases, genuine concerns that the release of the document will endanger staff or inmates can support an order sealing a document.

Defendants argue that release of the Supplement into the prison population "could endanger the safety and security of other inmates and officers" and would hamper future investigations because "[c]ooperating inmates and staff members will no longer be willing to speak to [a] department investigator for fear that their identities will be disclosed, placing their safety and lives in jeopardy." Docket # 16, p. 2.

Upon due consideration of the Supplement, the court disagrees with defendants' assessment of the risk of danger that would flow from making the Supplement public. The Supplement identifies no staff witnesses or inmate witnesses, other than the complaining witness, Paredez. Thus, it does not appear that release of the Supplement would put anyone in danger, or make anyone less likely to cooperate in future investigations. There also does not appear to be any highly sensitive information in the Supplement. The Supplement indicates that the source of the problem was a mistake in the paperwork for plaintiff's medication; however, embarrassment about having one's mistake become publicly known is not an adequate reason to seal the document that describes the mistake. Accordingly, the application to file the Supplement under seal is DENIED. (Docket # 16.)

Having decided that the Supplement will not be filed under seal, there remains the issue of what to do with the document. Respondent may retrieve the Supplement within three days of the date of this order. *See* Local Rule 79-5(d). If respondent does not retrieve the Supplement within three days of the date of this order, the Supplement will be discarded by the court. *See*

Local Rule 79-5(e). Defendants "may retain the document and not make it part of the record in the case, or, within 4 days, re-submit the document for filing in the public record." *Id.*

IT IS SO ORDERED.

Dated: September 10, 2012

_____
SUSAN ILLSTON
United States District Judge